[Cite as *In re K.L.*, 2017-Ohio-6897.]

klCOURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF: K.L.

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 17-CA-8

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from Licking County Court of Common Pleas, Juvenile Division, Case No. F2015-0463 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 19, 2017 |
| APPEARANCES: | |

For Appellee

WILLIAM C. HAYES
Licking County Prosecutor

By: MANDY R. DELEEUW
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Father

BONNIE VANGELOFF
PO BOX 4174
DUBLIN, OHIO 43016

For Appellant

MICHAEL R. DALSANTO
33 West Main Street, Suite 106
Newark, Ohio 43055

Guardian ad Litem

ROBIN LYN GREEN
PO Box 157
Newark, Ohio 43058

*Hoffman, J.*

**{¶1}** Appellant Sarah Girdler ("Mother") appeals the January 27, 2017 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, which overruled her objections to the magistrate's October 25, 2016 decision, terminated her parental rights with respect to her minor child, and granted permanent custody to Appellee Licking County Job and Family Services ("LCJFS").

STATEMENT OF THE CASE AND FACTS

**{¶2}** Mother and Justin Laird ("Father") are the biological parents of the child.[1] Mother and Father were never married. Father did not have a relationship with the child. Paternity was established during the course of the proceedings.

**{¶3}** On August 20, 2015, LCJFS filed a complaint, alleging the child was dependent and neglected. The trial court found the child to be dependent and neglected following uncontested adjudicatory and dispositional hearings held on October 16, 2015. LCJFS filed a motion for permanent custody on July 21, 2016. On September 22, 2016, four days prior to the scheduled hearing, Mother filed a motion requesting the child be placed in the legal custody of B.J., the child's maternal grandmother ("Maternal Grandmother"). The magistrate conducted a hearing on LCJFS's motion for permanent custody on September 26, 2016.

**{¶4}** The magistrate filed his decision on October 25, 2016, terminating Mother and Father's parental rights, and granting permanent custody of the child to LCJFS. The magistrate also denied Mother's motion requesting legal custody be granted to Maternal

---

[1] Father is not a party to this Appeal.

Grandmother. Mother filed objections to the magistrate's decision on November 7, 2016, preliminary objections on November 15, 2016, and supplemental objections on December 13, 2016.

**{¶5}** Via Judgment Entry filed January 27, 2017, the trial court overruled Mother's objections and approved and adopted the magistrate's decision as order of the court.

**{¶6}** It is from this judgment entry Mother appeals, raising the following assignment of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENIED MOTHER'S MOTION FOR LEGAL CUSTODY WITHOUT A HEARING. R. AT 68, 88.

**{¶7}** This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

**{¶8}** A trial court is not required to consider placing a child with a relative prior to granting permanent custody to an agency. *In re Zoms,* Franklin App. No. 02AP–1297, 2003–Ohio–5664, ¶ 28; *In re Turner,* 5th Dist. Stark No.2006CA00062, 2006–Ohio–4906, ¶ 35; *In re Perry,* 4th Dist. Vinton Nos. 06 CA 648, 06 CA 649, 2006–Ohio–6128, ¶ 62. Relatives seeking custody of a child are not afforded the same presumptive legal rights that a parent receives. *Id.* A trial court does not even need to find by clear and convincing evidence that a grandparent is not a suitable placement option. *In re A.D.,* Cuyahoga App. No. 85648, 2005–Ohio–5441, ¶ 12. Instead, it is within the trial court's discretion to determine whether to place children with a relative, such as grandmother. *In re Patterson,*

134 Ohio App.3d 119, 129–130, 730 N.E.2d 439(9th Dist.1999); *In re Poke,* 4th Dist. Lawrence App. No. 05CA15, 2005–Ohio–5226. We will reverse such a decision only upon an abuse of that discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** The willingness of a relative to care for a child does not alter the statutory factors to be considered in granting permanent custody. *In re Keaton; In re Dyal; In re Jefferson* (Oct. 25, 2000), Summit App. No. 20092. The child's best interests are served by the child being placed in a permanent situation which fosters growth, stability, and security. *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 324, 574 N.E.2d 1055. Accordingly, a court is not required to favor a relative if, after considering all the factors, it is in the child's best interest for the agency to be granted permanent custody. *In re Keaton; In re P .P.,* Montgomery App. No. 19582, 2003-Ohio-1051.

**{¶10}** The focus of Mother's assignment of error is the trial court's denial of her motion for legal custody without conducting a hearing.  LCJFS responds the trial court was not required to hear Mother's motion as it was untimely filed pursuant to Juv. R. 22(E), which requires all prehearing motions be filed seven days prior to the hearing or ten days after the appearance of counsel, whichever is later.  Mother filed her motion on September 22, 2016.  The hearing on LCJFS's motion for permanent custody was scheduled for September 26, 2016.

**{¶11}** At the commencement of the permanent custody hearing, the trial court informed the parties it would "not . . . grant a continuance in this case to deal with the motion." Transcript of Proceedings at 8. The trial court continued:

> We're here for this motion for permanent custody so I'm not going to hear the motion [for legal custody] and I'm not going to grant a continuance for it to be heard.
>
> But, what I will allow is the mother to introduce evidence that the grandmother is out there willing and able to assume custody, and that it would be a basis for not granting the permanent custody motion and instead of granting a continuance or a - - not a continuance, but an extension of temporary custody. So, I will allow evidence along those lines, but I'm not going to hear the motion itself today. *Id.*

**{¶12}** Thereafter, the trial court heard evidence regarding Mother's progress on her case plan as well as the appropriateness of Maternal Grandmother as the child's legal custodian. Maternal Grandmother lives in Florida. She had never met the child. Maternal Grandmother spoke with LCJFS in June, 2016, but she did not file a motion for legal custody at any time during the course of the proceedings. After speaking with Maternal Grandmother, LCJFS had concerns about her as a potential placement. Maternal Grandmother informed the social worker she planned to have the child, as well as Mother and her fiancé, live with her, and have Mother care for the child.

{¶13} Mother did not make sufficient progress on her case plan. Mother failed to maintain stable housing and employment. She had been homeless for most of 2016. She did not complete the mental health and parenting aspects of her case plan. Mother met her fiancé while the two were residents in a homeless shelter. Mother's fiancé had a criminal history and was incarcerated during the summer of 2016, although Mother claimed the most recent incarceration was the result of identity theft. Mother also indicated her financial future would be secure once her fiancé's identity theft issues were resolved as he had a large bank account and also was set to inherit $4.1 million. Mother failed to produce any evidence to support these claims. The guardian ad litem testified the child would be at risk in Mother's care.

{¶14} Although the trial court did not conduct a hearing dedicated solely to Mother's motion for legal custody, the trial court did, in fact, hear evidence relative thereto. Based upon the entire record in this matter, we find there was competent, credible evidence to support the trial court's decision to deny placement of the child with Maternal Grandmother. We further find the trial court did not abuse its discretion in failing to conduct a separate hearing on the motion.

{¶15} Mother's sole assignment of error is overruled.

**{¶16}** The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur